NOT DESIGNATED FOR PUBLICATION

No. 125,132

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

AMARD YOUNG,
*Appellant.*

MEMORANDUM OPINION

Appeal from Geary District Court; COURTNEY D. BOEHM, judge. Opinion filed February 17, 2023. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2021 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., BRUNS and ISHERWOOD, JJ.

PER CURIAM: Amard Young appeals the district court's decision to revoke his probation and impose his underlying 24-month prison sentence. Recognizing that the district court has the discretion to require him to serve his underlying sentence in this case, Young filed a motion for summary disposition in lieu of briefs under Kansas Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). The State did not respond. However, we granted the motion and proceeded to review the record on appeal to determine if the district court erred. Based on our review of the record on appeal, we find that the district court did not commit an error of fact or law and that its decision was reasonable. Thus, we conclude that the district court did not abuse its discretion and we affirm its decision.

FACTS

On April 22, 2020, the State charged Young with one count of possession of methamphetamine and one count of criminal damage to property. On October 16, 2020, pursuant to a plea agreement, Young pleaded no contest to the possession of methamphetamine charge, and the State dismissed the criminal damage to property charge. Based on Young's criminal history score of D, the district court imposed a 24-month prison term. However, the district court suspended the sentence and placed Young on probation for a period of 12 months.

About one year later, Young was arrested for violation of a stalking order and the State filed a motion to revoke his probation. In the motion, the State alleged several violations of the terms of his probation. In response, Young stipulated to the violations and the district court imposed intermediate sanctions in jail. The district court also reinstated his probation and extended it for an additional 12-month term.

The following year, Young once again stipulated to violating several terms of his probation. At his probation revocation hearing, the State recommended that the district court revoke Young's probation and order him to serve his underlying prison sentence. On the other hand, Young's counsel asked the district court to impose a 30-day sanction in jail with credit for time served. In support of this request, Young's counsel argued that his client could obtain employment. His counsel further indicated that Young had set an appointment for a drug and alcohol evaluation for the following week. Finally, Young's counsel suggested that Young be allowed to complete his probation in South Carolina so that he could live with his father in a more stable environment.

Young also made a brief statement to the district court at the probation revocation hearing. According to Young, he had turned himself in for violating the terms of his probation because he was ready to face the consequences. He also indicated that he

wanted "to be there for [his] son." Ultimately, the district court decided to revoke Young's probation and ordered him to serve his underlying 24-month prison term.

Thereafter, Young filed a timely notice of appeal.

ANALYSIS

On appeal, Young contends that the district court abused its discretion in revoking probation and imposing his underlying prison sentence. As a general rule, once a probation violation has been established, the district court has discretion to revoke probation unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022); see K.S.A. 2021 Supp. 22-3716 (requiring graduated sanctions before revocation in certain circumstances). In exercising its discretion, the district court must act within the statutory framework enacted by the Kansas Legislature.

Under K.S.A. 2019 Supp. 22-3716(c)(1)(C), a district court may revoke an offender's probation and impose the underlying sentence after imposing at least one two- or three-day jail sanction. We review the district court's revocation of an offender's probation under an abuse of discretion standard. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). Judicial discretion is abused only if (1) no reasonable person would take the view adopted by the district court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). The party asserting that the district court abused its discretion—in this case Young— bears the burden of showing such abuse. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Here, the record reveals that the district court previously ordered Young to serve two quick dip days—as well as three sanction days—in jail for violating the terms of his probation. After Young stipulated to violating the terms of his probation again in 2022,

3

the district court was authorized under K.S.A. 2019 Supp. 22-3716(c)(1)(C) to not only revoke his probation but also to require him to serve his underlying prison sentence. Consequently, we find that the district court did not err.

It is undisputed that Young stipulated to numerous probation violations at his most recent probation revocation hearing. These violations include failure to report as instructed, failure to complete a court-ordered drug and alcohol evaluation, leaving the jurisdiction without permission, and commission of violations of law in another state. Based on these stipulations, we find that it was reasonable for the district court to revoke Young's probation and to order him to serve his underlying sentence. Accordingly, we thus affirm the district court's decision.

Affirmed.